# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-_____-___-___

BERTA ALICIA LOPEZ,

Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF WELD COUNTY, CO,

Defendant.

---

### PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL

---

Plaintiff, Berta Alicia Lopez, by and through her attorney, Ralph Lamar, for this her Complaint, respectfully alleges as follows:

## I.   NATURE OF THE CASE

1.   This employment discrimination and civil rights action is brought against Defendant Board of County Commissioners of Weld County ("Weld County"), by Plaintiff Berta Alicia Lopez for equitable relief and monetary damages to redress the deprivation of civil rights secured to her by the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 2000e *et seq*.  Specifically, she alleges that Defendant terminated her employment because she was unable to return to work following the expiration of her initial period of FMLA leave and refused to provide her with a reasonable accommodation.  Ms. Lopez alleges that the Defendant's actions caused her mental distress and humiliation, and loss of employment and compensation.  She seeks back pay, reinstatement or front pay, compensatory damages, and attorneys' fees and costs of this action.

## II.   JURISDICTION AND VENUE

2.   This Court has subject matter jurisdiction over the claim under 28 U.S.C. §§ 1331

1

and 1343, because they arise under the laws of the United States and said claims are brought to recover damages for the deprivation of Ms. Lopez' civil rights.

3. Venue is proper in this judicial District under 28 U.S.C. § 1391(b),(c) and 42 U.S.C. § 2000e-5(f)(3), because Defendant has offices, conducts business, and can be found in this District, and the causes of action arose and the acts and omissions complained of occurred therein.

### III. PARTIES

4. Plaintiff Berta Alicia Lopez is a citizen of the U.S. currently residing in Milliken, CO and is subject to the jurisdiction of this court.

5. Defendant was the employer who terminated plaintiff's employment. At all relevant times during plaintiff's employment by Defendant, it employed more than 14 persons and is therefore subject to the terms of the ADA. Defendant's offices are located at 1150 O Street, Greeley, CO. Defendant Board of Commissioners of Weld County, Colorado is the proper named Defendant for an action against Weld County, CO. Defendant is therefore subject to the jurisdiction of this court.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff timely filed a charge of discrimination with regard to her ADA claim with the Equal Employment Opportunity Commission ("EEOC") on December 21, 2013. On July 19, 2016, after completing its investigation, the EEOC issued a determination that there was reasonable cause to believe that plaintiff was denied a reasonable accommodation and that she was terminated by defendant on the basis of her disability in violation of the ADA. It also found that defendant denied other individuals with disabilities a reasonable accommodation and fired them in violation of the ADA. Plaintiff received a right to sue letter from the Department of Justice on or about May 8,

2017, and has exhausted her administrative remedies.

## IV.     STATEMENT OF FACTS

7.     Plaintiff was hired by defendant to work as a Human Services Technician on December 14, 1993.

8.     She performed her job to the standards expected by Defendant for many years.

9.     Ms. Lopez was promoted on December 16, 1996 to Client Services Technician.

10.     Plaintiff performed her new job to defendant's expectations.

11.     Ms. Lopez experienced pain in her knees with her left knee the most severely affected for several years prior to getting treatment.

12.     Ultimately, her condition was diagnosed by a doctor as osteoarthritis.

13.     Plaintiff's condition continued to progressively worsen with time as arthritic conditions are typically wont to do.

14.     In March or April of 2013 plaintiff approached her supervisor, Dora Lara, and asked for an accommodation because one particular aspect of her job, getting up to assist customers in the resource room, was causing pain in her knees.

15.     Specifically plaintiff asked if there were any other data entry positions available which would not require her to get up and down throughout the course of the day.

16.     Ms. Lara responded immediately to plaintiff that there was nothing available.

17.     Ms. Lara never indicated to plaintiff that she had spoken with anyone in human resources to see if there were any positions plaintiff could perform which were open.

18.     Ms. Lopez inquired with Ms. Lara about taking a state issued certification test for data entry for Employment First.

19.     She was told that it was not possible because the process took too long.

3

20. Shortly after she was denied this request plaintiff learned that Ms. Lara had sent another Weld County employee to take the test so she could have access to the state client login records, thereby proving that defendant's position that taking the test was not possible to be a falsehood.

21. In late April Ms. Lara unilaterally changed plaintiff's job duties without consulting with her.

22. The "new" position, which involved client interviews, was not a reasonable accommodation because the amount of walking involved was actually more than what plaintiff's current job had entailed.

23. After two days of this Ms. Lopez went back to her actual job duties of working in the Resource Room.

24. As no effective accommodation had been offered by defendant, the plaintiff, on her own initiative, rearranged her work schedule to reduce the strain on her knees. She did this, in part, by asking new clients initially if they were comfortable using a computer and if they said they were she would tell them where it was located and then tell them that if they had any problems they could call her as she would be within earshot, instead of getting up and showing them where the computer was located and how to use it as she had done in the past. This reduced the stress on her knees significantly and did not reduce her effectiveness to the defendant's clients.

25. While Ms. Lara was aware of this self-help by plaintiff she did not object to it.

26. In June of 2013 plaintiff's treating physician recommended that she have knee replacement surgery to address the pain she was experiencing.

27. Plaintiff went out on FMLA leave on June 28, 2013 due to the pain in her left

knee. Her scheduled return date was set for August 22, 2013 the day after her FMLA leave benefits were set to expire.

28. On August 9 plaintiff's physician said that full knee replacement surgery had been scheduled for September and that Ms. Lopez would need additional time to recover from her surgery. Ms. Lopez was therefore unable to return to work on August 22, 2013 due to her condition.

29. Shortly after August 9 Plaintiff spoke with Ms. Lara regarding her need for surgery and additional leave. Plaintiff was ultimately granted additional FMLA leave through October 29, 2013 by FMLA Source, the third party administrator hired by Defendant. A copy of that approval was provided to Ms. Lara by FMLA Source.

30. Ms. Lopez had surgery on her left knee on September 4, 2013. At that time her operating physician stated that typical recovery time was three months.

31. On September 12, 2013, Defendant commenced termination proceedings. It contended that plaintiff's employment was being terminated because she had exhausted her FMLA leave and was not able to return to work until October 29.

32. Because of the history making flood that month in Weld County the proceedings were delayed.

33. On September 19 her physician stated in writing that she needed additional leave time and that the *normal* recovery period for knee replacement surgery was three months. That would have resulted in a return to work date at the end of November, 2013. Defendant received a copy of that note.

34. Plaintiff's employment with defendant was terminated on September 19, 2013.

35. Defendant claimed that it terminated plaintiff's employment because it was

unable to hold plaintiff's job open any longer for her.

36. This was a falsehood as plaintiff's position was not filled for another four months, one month longer than the amount of time her physician had said she might need as additional leave.

37. Ms. Lopez' physician returned her to work with some restrictions on October 25, 2013. Ms. Lopez would have been able to perform her job with those restrictions if she had not been summarily fired by Defendant.

## COUNT I

## ADA VIOLATION

38. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 37 as though set forth fully herein.

39. As a result of her arthritic condition in her knees as set forth in this complaint plaintiff has a substantial limitation in the major life activities of "walking", and/or "working" and is therefore an individual with a disability under the ADA.

40. The request for a revision to her job duties in the form of a transfer to an open position, as well as time off to properly and fully recover from her surgeries constituted reasonable accommodations for her disability.

41. Plaintiff was able to perform the essential functions of her job as a Client Services Technician with, a reasonable accommodation of a transfer to an open position, and when that was not provided the reasonable accommodation of time off, and is therefore a qualified individual with a disability under the ADA.

42. Defendant's decision to fire plaintiff for "Excessive Absence", was motivated by Plaintiff's disability and therefore constitutes a violation of the ADA.

43. Defendant's refusal to reasonably accommodate plaintiff constituted a violation of the ADA.

44. As a direct result of Defendant's intentional and unlawful actions in violation of the ADA, plaintiff has suffered economic damages, emotional pain and distress, and has sustained a loss of benefits, and interest due thereon.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in her favor:

(a) Awarding lost wages in the form of back pay, including lost fringe benefits;

(b) Awarding compensatory damages;

(c) Ordering reinstatement or, in the alternative, issuing an award of front pay;

(d) Awarding the costs of this action, together with reasonable attorney's fees; and

(e) granting such other equitable relief as the Court deems necessary and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated this 12th day of May, 2017.

        Respectfully submitted,

By: *s/Ralph E. Lamar, Esq.*
Ralph E. Lamar
CO Attorney I.D. No. 44123
8515 Braun Loop
Arvada, CO 80005
(303) 345-3600
ralphlamar@ymail.com

Attorney for Plaintiff